STATE *ex rel.* JOHN G. ALLEN *et al.*, Appellants, v.
M. PARE *et al.*, Respondents.

Kansas City Court of Appeals, January 9, 1888.

PRACTICE — PETITION AND PROOF — INSTRUCTIONS — CASE ADJUDGED.
    Where the petition alleges (as in this case), as a breach of the
    bond given for the administration of the partnership estate, the
    failure to pay a judgment rendered in the circuit court against the
    partnership estate, and allowed in the probate court against said
    estate, while the proof offered in support of these allegations is
    a judgment against the individual estate. *Held*, that the court
    properly excluded the evidence, as it failed to sustain the petition.

APPEAL from Dallas Circuit Court, HON. W. I.
WALLACE, Judge.

*Affirmed.*

The case is stated in the opinion.

JOHN S. HAYNES, for the appellants.

I.    The court erred in excluding the papers in the
attachment suit. They should have been admitted to
show whether the relator's demand was due from the
partnership or the individual estate of Edington. They
explained the judgment in this respect. Freeman on
Judgments, p. 31, sec. 45; p. 36, sec. 50*a;* p. 231,
sec. 215.

II.   The judgment in the circuit court, and that of
the county court classifying relator's demand, should
have been admitted in evidence. They were properly
rendered against Pare, as administrator of the estate of
Edington, although on a liability of the partnership
estate. Pare was not administrator of the partnership
estate, as a distinct administration. He was only ad-
ministrator of the individual estate, and as such took
charge of the partnership effects by reason of the sur-

viving partner failing to give bond. The law did not require, and there was not a separate appointment of Pare. He was only required to give a separate bond. Gen. Stat. 1865, ch. 120, p. 485, sec. 55, and p. 486, secs. 59 and 60. Hence the judgments could not have been against Pare as administrator of the partnership estate, when he was not such administrator.

III. The court should have sustained relator's motion to set aside non-suit.

J. P. NIXON, for the respondents.

I. The proof did not correspond with the allegations of the petition. The petition alleged that judgment was obtained against the partnership estate, and that demand was allowed against said estate. The proof was that judgment and allowance were against the individual estate. Plaintiff sought to contradict his own pleadings, which is not allowable. *State v. Roberts*, 62 Mo. 338; *Seibert v. Allen*, 61 Mo. 482; *Wilson v. Albert*, 89 Mo. 357; *Weil v. Posten*, 77 Mo. 284; *Bank v. Armstrong*, 62 Mo. 54.

II. The relators are strangers to the partnership estate. They are not creditors of that estate and never had any demand allowed against it. The two estates, the individual estate and the partnership estate, are strictly distinct in their elements and incidents, and no less separate because M. Pare happens to be administrator of each of said estates.

III. The appellant has been driven in his brief to the novel position that the two estates are blended together and thrown into hotchpotch. This is in the teeth of the statute, and of well-recognized principles applicable to the law of partnership.

IV. The death of a partner, while it dissolves the partnership, does not transmute a partnership estate into an individual estate; nor affect preferred rights of firm creditors to partnership property. The statute recognizes and enforces this distinction, among other

things, in order of classification of demands. Rev. Stat., secs. 66 and 184.

V.   In this case the relators voluntarily relinquished and surrendered their claim to satisfaction out of the partnership estate, purposely obtained judgment against the individual estate of W. H. Edington, deceased, and had their demand allowed against W. H. Edington alone.   Indeed, the open secret is, that at the time of obtaining their judgment in the Dallas circuit court, and afterwards, the purpose of relators was to perfect and enforce their attachment lien against the lands of W. H. Edington, deceased, and thus purposely abandoned all rights to the partnership fund and estate.   Now having made themselves strangers to the partnership estate, and having failed to establish any legal claim to the same, they have no right in law to call the defendants to account for the administration of an estate of which they are not creditors, and to which they have no claim.

VI.   The decision of the circuit court was correct, the evidence was properly excluded, and the judgment should be affirmed.

ELLISON, J.—This action is on the bond of defendant, M. Pare, and the other defendants as his sureties, executed for the faithful administration of the partnership estate of W. H. Edington & Company, the breach being a failure to pay a demand alleged to have been allowed against the partnership estate.   Plaintiff suffered a non-suit on account of adverse rulings on his evidence, and failing to have it set aside he appeals.

The petition alleges that W. H. Edington departed this life intestate, and defendant, Pare, was appointed administrator of his estate ; that, at the time of his death, he was and had been a member of the partnership firm of W. H. Edington & Company, a firm composed of W. H. Edington and Thomas Hutchinson ; that Hutchinson, as surviving partner, failed to give bond within thirty days, as required by law, and that thereby the administration of the partnership estate

devolved upon defendant, Pare, who gave the bond
required by statute for the administration of partner-
ship estates (the bond in suit) ; that, after executing the
bond, said Pare took charge and possession of the part-
nership estate.   The petition then alleges that relator
had a note against the partnership of Edington & Com-
pany, on which he instituted suit by attachment and
attached the land of Edington ; that Edington died, and
that the suit was revived against defendant, Pare, as
administrator of the partnership estate ; that he recov-
ered judgment against defendant as such administrator ;
that, afterwards, this judgment was exhibited in the
probate court, which allowed and classified it in the
fourth class of demands.   In support of this petition
relator offered in evidence the record of the circuit
court covering the attachment suit, and that of the pro-
bate court covering [the allowance and classification.   It
appears from this record that the note was executed by
the partnership of W. H. Edington & Company, and
the suit was brought against them ; that the suit was
revived against defendant, Pare, "as administrator of
said W. H. Edington's estate."   The suit was dismissed
as to Hutchinson.   The court found that "the said
Edington, in his lifetime, was indebted to plaintiffs in
the sum of three hundred and forty-one dollars, debt
and damages."   The judgment is then rendered against
"M. Pare, as administrator of said W. H. Edington,"
and declared to be a lien on Edington's land attached,
and it is ordered to be certified to the county court for
classification and allowance "against the estate of the
said W. H. Edington."

From this statement it appears that the petition
alleges, as a breach of the bond given for the adminis-
tration of the partnership estate, the failure to pay a
judgment rendered in the circuit court against the part-
nership estate, and allowed in the probate court against
said estate, while the judgment offered in support of
these allegations is a judgment against the individual

estate. The court properly excluded the evidence, as it failed to sustain the petition.

The suit on the note was originally against the firm of W. H. Edington & Company, but was afterward dismissed as to Hutchinson and left standing against Edington individually. The revival was undoubtedly meant as a revival against the administrator of his individual estate, and the judgment was unquestionably rendered against the individual estate. The finding of the court shows such to be the case.

The judgment should be affirmed, and it is so ordered. All concur.